## CT Corporation

**Service of Process Transmittal**
04/06/2010
CT Log Number 516426331

| | |
|---|---|
| **TO:** | Seth Berman<br>Palisades Collection, LLC<br>210 Sylvan Avenue<br>Englewood Cliffs, NJ 07632- |
| **RE:** | **Process Served in Georgia** |
| **FOR:** | Palisades Collection, LLC (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Misty Stone, Pltf. vs. Palisades Collection, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Interrogatories, Request for Production, Requests for Admission |
| **COURT/AGENCY:** | Fulton County State Court, GA<br>Case # 2010EV009445H |
| **NATURE OF ACTION:** | Violations of the Fair Debt Collection Practices Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/06/2010 at 11:55 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | E. Scott Fortas<br>Fortas Law Group, LLC<br>1936 N. Druid Hills Road<br>Suite 100B<br>Atlanta, GA 30319<br>404-856-3888 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791524886815 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Terence Hardley |
| **ADDRESS:** | 1201 Peachtree Street, N.E.<br>Atlanta, GA 30361 |
| **TELEPHONE:** | 404-965-3840 |

Page 1 of 1 / LM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



EXHIBIT A

2010EV009445 1-1

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 29732770
Date: Feb 24 2010 2:50PM
Mark Harper, Clerk

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

STATE COURT OF FULTON COUNTY
Civil Division

CIVIL ACTION FILE NO. _____

*** NOTE-- DESIGNATED E-FILE CASE – ANSWER AND ALL PLEADINGS MUST BE E-FILED ****
CONTACT THE COURT AT 404.730.5040 AND
LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Misty Stone
1936 N. Druid Hills road, Suite 100B
Atlanta, GA 30319
Plaintiff's Name, Address, City, State, Zip Code

vs.

Palisades Collection, LLC
1201 Peachtree Street, NE
Atlanta, GA 30361
Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $_____ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $_____ |
| [ ] SPECIAL LIEN | |
| [X] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. _____ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: E. Scott Fortas
Address: 1936 N. Druid Hills Road, Suite 100B
City, State, Zip Code: Atlanta, GA 30319        Phone No.: 404-856-3888

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSE MAY BE MADE & JURY TRIAL DEMANDED,** via electronic filing through LexisNexis or, if desired, at the e-filing public access terminal in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This  February 24, 2010                                    Donna Jones-Frederick, Chief Deputy Clerk

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

**SERVICE INFORMATION:**
Served, this 6 day of Apr, 20 10.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MISTY STONE | ) |
| *Plaintiff*, | ) |
| | ) Civil Action |
| v. | ) File No. |
| | ) |
| PALISADES COLLECTION, LLC | ) |
| *Defendant.* | ) |

## COMPLAINT

NOW COMES Plaintiff Misty Stone by and through attorneys FORTAS LAW GROUP, LLC complaining against Defendant PALISADES COLLECTION, LLC and alleging as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §1692, *et seq.*.

### PARTIES

2. Plaintiff, Misty Stone ("Plaintiff"), is a "consumer" as defined by the FDCPA who was at all relevant times residing in the State of Georgia.

3. At all relevant times herein, Defendant, PALISADES COLLECTION, LLC ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. §1692a(6) in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiff.

4. Defendant is a corporation that is authorized to do business in the State of Georgia. Defendant can be served through its registered agent, CT CORPORATION, 1201 PEACHTREE STREET, NE, ATLANTA GA 30361.

## COUNT I
## VIOLATIONS OF THE FDCPA

5. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

6. Defendant is a debt collector that has made at least one attempt to collect an alleged debt from the Plaintiff.

7. Defendant regularly collects debts from consumers such as the Plaintiff.

8. Over the past year, Defendant's employees and agents have violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq* in one or more of the following ways:

   a) Disclosing to a third party the existence of the debt allegedly owed by Plaintiff. Specifically contacting Ms. Sarah Stovall and informing her about Plaintiff's debt (§ 1692b(2) & § 1692c(b));

   b) Communicating with a single third party more than once in connection with an attempt to collect an alleged debt from Plaintiff (§ 1692b(3) & § 1692c(b)); and

   c) Repeatedly contacting Plaintiff at her place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer (§ 1692c(a)(1)(3)).

9. As a result of Defendant's violations as aforesaid, Plaintiff suffered a substantial disruption in daily routine thus warranting an award of emotional and/or mental anguish damages.

10. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages pursuant to 15 USC 1692k and the Common Law of Georgia;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Punitive Damages pursuant the Common Law of Georgia;
E. Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k and the Common Law of Georgia; and,
F. For such other and further relief as may be just and proper.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Submitted this the 12 day of February, 2010.

FORTAS LAW GROUP, LLC

By: _____
E. Scott Fortas, Esq.
GA Bar No: 269980

1936 North Druid Hills Road, NE, Suite 100B
Atlanta, Georgia 30319
(404) 856-3888
(404) 856-3892 facsimile

Case 1:10-cv-01294-WSD   Document 1-1   Filed 04/29/10   Page 6 of 17

State Court of Fulton County
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 29732770
Date: Feb 24 2010 2:50PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MISTY STONE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | Civil Action |
| v. | ) | File No. |
| | ) | |
| PALISADES COLLECTION, LLC | ) | |
| | ) | |
| *Defendant.* | ) | |

## INTERROGATORIES TO DEFENDANT

NOW COMES the Plaintiff, MISTY STONE, by and through FORTAS LAW GROUP, LLC, and propounds the following Interrogatories to the Defendant, PALISADES COLLECTION, LLC, to be answered in writing and under oath.

## INSTRUCTIONS AND DEFINITIONS

A. Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is a failure to answer.

B. If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

C. Unless otherwise specified in a particular paragraph, provide the information and documents requested for the period of one year prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information which renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

D. The terms "document" or "documents" in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes,

reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

    E. A request to identify a document is a request to state as applicable:

    1. The date of the document;

    2. The type of document;

    3. The names and present addresses of the person or persons who prepared the document and of the signers and addressers of the document;

    4. The name of the employer or principal whom the signers, addressers and preparers were representing;

    5. The present location of the document;

    6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;

    7. A summary of the contents of the document; and

    8. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

    F. If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

    G. The words "debt" or "debts" refer to any debt or debts allegedly owed by Plaintiff that: 1) Are owned by Defendant; 2) Defendant was hired to collect from Plaintiff; or 3) Defendant has attempted to collect from Plaintiff.

    H. The phrase "for each call," when it begins an interrogatory, refers to every telephone call placed by Defendant in connection with collection of a debt from Plaintiff, regardless of whether Defendant spoke to anyone during the call, or whether Defendant was successful in connecting with the telephone that was called.

## INTERROGATORIES

1. State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

2. State the names, aliases, job title, business and home addresses and telephone numbers, date of initial employment and date of and reason for termination of employment of each of your employees who contacted or attempted to contact Plaintiff or another person regarding this debt.

3. Identify and describe any documents used to describe, record or establish Defendant's methods and techniques to be used in the collection of consumer accounts.

4. Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

5. Identify and describe each document known to Defendant which is related to Plaintiff's debt.

6. State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy.

7. Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

8. Identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact with a person other than Plaintiff made in connection with the collection of Plaintiff's account.

9. Identify each document, recording and person furnishing information with regard to your response to the immediately preceding Interrogatory.

10. Identify all present and past contracts or agreements between Defendant and the creditor and give the date of the initial contract or agreement with the creditor.

11. List and explain all abbreviations and codes, letters, numerals, or symbols regularly used by Defendant in its records or collection activities.

12. How did Defendant locate Plaintiff?

13. Describe the maintenance of all procedures utilized by the Defendant to avoid violation of the Fair Debt Collection Practices Act.

14. Identify all internal and external documents regarding Defendants compliance or noncompliance with the Fair Debt Collection Practices Act.

15. Identify each person whom the Defendant expects to call as a witness at trial, state the subject matter on which the witness is expected to testify and the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

16. Did Defendant provide Plaintiff with oral and/or written notice that contained the following information?:

   a. the amount of the purported debt;
   b. the name of the creditor to whom the purported debt is owed;
   c. a statement that the purported debt would be assumed to be valid unless the Plaintiff disputed its validity within 30 days;
   d. a statement that the Defendant would obtain verification of the purported debt and send it to the Plaintiff if the Plaintiff disputed the debt in writing within 30 days; and
   e. a statement that the Defendant would provide Defendant with the name and address of the original creditor if Plaintiff requested it in writing within 30 days.

17. If Defendant did provide Plaintiff with oral and/or written notice as described in Interrogatory number 16 above, identify the date and manner in which said notice was given.

18. Provide all details concerning the contacts made and conversations that Defendant had with the Plaintiff related to the purported debt at issue. Please include the date and time of such contacts, who initiated the contacts, which of defendant's agents/employees were involved, and the nature of the conversations.

19. Please provide the identity (by name and address and title) of an individual within the state of Georgia who is employed by Defendant (other than its attorneys) and who is familiar with the content of all documents authored and produced by Defendant in response to Plaintiff's Request for Production of Documents and Defendant's response to Plaintiff's Interrogatories and who may be called by Plaintiff as a witness in Plaintiff's case-in-chief to discuss those responses and documents. By the term "familiar," Plaintiff means that the witness is able to recognize the document as a document produced and authored by Defendant and has an understanding of the contents of the document.

If no single employee of Defendant located within the state is familiar with the content of these documents and responses, please identify (by name and address and title) a *minimum* number of Defendant's employees located within the state of Georgia that collectively are familiar with these documents and responses so that Plaintiff may call these individuals as witnesses in Plaintiff's case-in-chief. Please also itemize which documents that these individuals are familiar.

20.  Please describe how Defendant's policies regarding audio recording of telephone conversations were implemented during Defendant's attempt to collect a debt from Plaintiff.

21.  Describe Defendant's policies regarding whether and when a certain telephone number will be called or not.

22.  For each call, describe how Defendant implemented its policies regarding which of its employees will be chosen to make a particular call.

23.  For each call, state all of Defendant's ideas, beliefs or suppositions about the telephone number called, including but not limited to the "owner" of the number, the place at which the telephone being called resides, and whether the number belongs to a cell phone or land-line.

Submitted this the 12 day of February, 2010.

FORTAS LAW GROUP, LLC

By: _____
E. Scott Fortas, Esq.
GA Bar No: 269980

1936 B North Druid Hills Road, NE
Atlanta, Georgia 30319
(404) 856-3888
(404) 856-3892 facsimile

State Court of Fulton County
\*\*\*EFILED\*\*\*
LexisNexis Transaction ID: 29732770
Date: Feb 24 2010 2:50PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MISTY STONE ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Civil Action |
| v. ) | File No. |
| ) | |
| PALISADES COLLECTION, LLC ) | |
| ) | |
| *Defendant.* ) | |

## REQUEST FOR PRODUCTION TO DEFENDANT

NOW COMES the Plaintiff, MISTY STONE, by and through FORTAS LAW GROUP, LLC, and requests that Defendant, PALISADES COLLECTION, LLC, produce all documents of any kind or nature including, without limitation: charts, phone records and other data, computations from which information can be obtained, and any and all copies thereof within the possession of your agents or employees relating to or connected with, *every document that you were asked to "identify" or used in supplying the information requested in Plaintiff's Interrogatories to Defendant.* In addition, and not by way of limitation, produce the following documents:

### DEFINITIONS

a.  The word "document" means every writing and record of every type and description, including but not limited to, papers, photographs, films, recordings, correspondence, communications, memoranda and written notes, checks, check registers, books and accounting, computer cards, printouts and all retrievable information in computer storage, tapes, discs, and records of all types, minutes of meetings, studies, books, pamphlets, pictures and voice recordings or every other device or medium on which or through which information of any type is to be transmitted, recorded or preserved. The term "document(s)" also means a copy where the original is not in your possession, custody or control, and every copy of the document if such copy is not an identical duplicate of the original.

b.  "Relate" or "relating to" means refer to, involve, describe, concern, pertain to, or constitute.

## REQUESTS FOR PRODUCTION

1. All written correspondence or other documentation sent by Defendant to Plaintiff.

2. All written correspondence or other documentation received by Defendant from Plaintiff.

3. All documents related to Defendant's attempt to verify the purported debt that is the subject of this lawsuit.

4. All documents that Defendant received from the creditor(s) for the purported debt that is the subject of this lawsuit.

5. All documents that Defendant sent to the creditor(s) for the purported debt that is the subject of this lawsuit.

6. All internal reports, collectors' notes or logs, computer entries and computer files pertaining to the Plaintiff.

7. All documents pertaining to the underlying debt that is the subject of this lawsuit.

8. Any and all documents relied upon by Defendant in formulating the allegations in its Answer to Plaintiff's Complaint.

9. Provide each and every opinion/expert witness report whether or not Defendant seeks to introduce it at the arbitration and/or trial of this case.

10. Any and all documents made available to Defendant's opinion/expert witness by Defendant or its attorney in preparing the opinion/expert witness report.

11. Curriculum vitae for any opinion/expert witness who has prepared a report whether or not said opinion/expert witness or the report are intended to be introduced at arbitration and/or trial of this case.

12. Curriculum vitae of any opinion/expert witness whose testimony Defendant intends to introduce at trial or arbitration.

13. Any and all documents prepared and/or generated by the opinion/expert witness including but not limited to: notes, memoranda and correspondence.

14. All form letters, enclosures, envelopes, memoranda, etc. used by the Defendant in its debt collection activity

15. All documents between Defendant and creditor regarding the Plaintiff and collection of his alleged debt.

16. Any insurance policies covering the Defendant for violation of the Fair Debt Collection Practices Act.

17. All financial reports and statements to investors of the Defendant for the past two years.

18. All income tax returns of the Defendant for the past two years.

19. All internal documents, memoranda, etc., of the Defendant regarding the use of its collection notices and collection efforts.

20. All operation manuals or similar documents, etc., utilized by the Defendant.

21. All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act.

22. All documents relating to the Defendant's procedures to provide verification of the alleged debt.

Submitted this the 12 day of February, 2010.

FORTAS LAW GROUP, LLC

By: _____
E. Scott Fortas, Esq.
GA Bar No: 269980

1936 B North Druid Hills Road, NE
Atlanta, Georgia 30319
(404) 856-3888
(404) 856-3892 facsimile

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 29732770
Date: Feb 24 2010 2:50PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MISTY STONE | ) |
| *Plaintiff,* | ) |
| | ) Civil Action |
| v. | ) File No. |
| | ) |
| PALISADES COLLECTION, LLC | ) |
| *Defendant.* | ) |

## REQUESTS FOR ADMISSION TO DEFENDANT

NOW COMES the Plaintiff, MISTY STONE, by and through FORTAS LAW GROUP, LLC, and propounds the following Requests For Admission to the Defendant, PALISADES COLLECTION, LLC, to be answered in writing and under oath.

### INSTRUCTIONS

(1) Unless otherwise noted, questions about actions taken by Plaintiff are limited to the circumstances surrounding Defendant's attempt to collect a debt from Plaintiff, and do not address actions taken by Defendant in other contexts;

(2) The word "call" refers to the act of using a telephonic device to communicate with another telephonic device, whether or not the Defendant actually succeeded in establishing a connection with the other device;

(3) Unless otherwise specified, all questions relate only events that transpired during the 365 calendar days preceding the filing of this action; and,

(4) The words "debt" or "debts" refer to the debt or debts that Defendant attempted to collect from Plaintiff within the 365-day period preceding the filing of this action.

## REQUESTS FOR ADMISSION

Plaintiff requests Defendant to admit or deny the truth of the following:

1. Plaintiff is a "consumer" as defined by 15 USC §1692a(3).

2. Defendant has attempted to collect from Plaintiff a "debt," as defined by 15 USC § 1692a(5).

3. Defendant is a "debt collector" as defined at 15 USC § 1692a(6).

4. Defendant at least once called Plaintiff's place of employment.

5. On at least one occasion, Plaintiff told Defendant that its calls to her workplace were inconvenient.

6. Defendant called Plaintiff's place of employment after Plaintiff told Defendant that such calls were inconvenient.

7. Plaintiff told Defendant that receiving personal calls at her place of employment violates the policy of Plaintiff's employer.

8. Defendant placed a call to Plaintiff's place of employment after Plaintiff told Defendant personal calls violate the policy of Plaintiff's employer.

9. Defendant called phone numbers that Defendant did not believe belonged to Plaintiff.

10. Plaintiff asked Defendant at least once to stop calling her place of employment.

11. Defendant called Plaintiff's place of employment after Plaintiff had asked Defendant not to.

12. Defendant spoke to at least one individual that wasn't Plaintiff.

13. Defendant spoke with someone who identified themselves as Plaintiff's sister.

14. Defendant at least once said "wage garnishment."

15. During at least one telephone conversation with Plaintiff, Defendant threatened to garnish Plaintiff's wages.

16. During at least one telephone conversation with Plaintiff, Defendant threatened to take legal action against Plaintiff.

17. Defendant is licensed by the Georgia Department of Financial Institutions to collect debts in the State of Georgia.

18. Defendant knows or thinks it knows the correct home telephone number for Plaintiff.

19. Defendant at one time knew or thought it knew the telephone number for Plaintiff's place of employment.

20. Defendant at one time knew or thought it knew the telephone number for Plaintiff's place of employment.

21. While speaking to persons other than Plaintiff, Defendant uttered sentences or speech fragments regarding topics not directly related to obtaining "location information" for Plaintiff, as that term is defined in 15 USC § 1692a(7).

22. Defendant told somebody other than Plaintiff or her attorney about her debt.

23. Defendant did not control when or if Plaintiff will be sued.

24. At no time did Defendant know or think it knew whether Plaintiff would be sued.

25. At no time did Defendant know or think it knew what remedies would be taken if its client obtained a judgment against Plaintiff.

26. Defendant does not maintain procedures reasonably adapted to insure that the debt collection warning required by 15 USC § 1692e(11).

Submitted this the 12 day of February, 2010.

                                             FORTAS LAW GROUP, LLC

                                By: _____
                                           E. Scott Fortas, Esq.
                                           GA Bar No: 269980

1936 North Druid Hills Road, NE, Suite 200
Atlanta, Georgia 30319
(404) 856-3888
(404) 856-3892 facsimile